## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JIMMIE MCCOY, III,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 22-CV-350-JFH-JAR** |
| **JIM FARRIS, et al.,** | |
| **Defendants.** | |

## OPINION AND ORDER

Before the Court is the Motion to Dismiss ("Motion") filed by Defendants Susan Channon, Moony Day, and Jim Farris ("Defendants"). Dkt. No. 25. Plaintiff Jimmie McCoy, III ("McCoy") has not responded to the Motion. For the reasons discussed herein, the Court grants Defendants' Motion and dismisses the amended complaint.

### I.    BACKGROUND

McCoy brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while he was housed at the Oklahoma State Penitentiary in McAlester, Oklahoma. Upon preliminary screening of McCoy's complaint under 28 U.S.C. § 1915A, the Court determined that the complaint was deficient in several respects. Dkt. No. 5. Among these deficiencies was McCoy's failure to allege the personal participation of any defendant in the violation of a constitutional right. *Id.* at 4. The Court directed McCoy to file an amended complaint curing the defects in his pleading. *Id.* at 5-6.

McCoy submitted an amended complaint on March 6, 2023, raising three claims for relief. Dkt. No. 10. First, McCoy alleges: "I wrote Mr. Jim Farris about my property being destroyed, the staff beat me, starved me[,] harassed me. And how I was not given any contact with family for almost a year." *Id.* at 5. In his second claim for relief, McCoy alleges: "I have Request to Staff

on how I had informed my staff on my missing property and how I've had no contact with my family in almost a year.  [Also] informed on sexual assaults and harassment." *Id.* at 5.  For his third claim for relief, McCoy contends: "I had informed my staff I was not to be called up with any gang[] member.  She still called me up[.]  The inmate then pulled his knife on me[.]  After protecting myself I was sent to lockup[.]  My property was lost and I was starved[,] forced into a cell with no clothing for days." *Id.* at 6.  McCoy additionally attached multiple prison grievance documents to his amended complaint.

## II.    LEGAL STANDARD

Defendants have moved to dismiss the amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  Dkt. No. 25.  To survive a motion to dismiss brought under Rule 12(b)(6), "the complaint must allege sufficient facts to state a claim for relief plausible on its face." *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1136 (10th Cir. 2023) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  While the Court construes a pro se litigant's pleadings liberally, this liberal construction, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

### III.   DISCUSSION

As with his initial pleading, McCoy's amended complaint fails to allege the personal participation of any named defendant. *See Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."). "[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). In the context of § 1983 cases, it is "particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id.* at 1249-50 (emphasis in original). Where, as here, a § 1983 complaint "fails to isolate the allegedly unconstitutional acts of each defendant," it is "impossible for any of [the] individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id.* at 1250 (finding defendants were not provided fair notice where the complaint used "the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts [were] attributable to whom").

Defendant Farris is the only defendant referenced in any of McCoy's three claims for relief. McCoy identifies Farris as warden of the Oklahoma State Penitentiary and alleges that he wrote to Farris regarding the alleged misconduct. Dkt. No. 10 at 3, 5. Nothing in this allegation, however, suggests that Farris was personally involved in a violation of McCoy's constitutional rights. Supervisory status, alone, does not create § 1983 liability. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Rather, a plaintiff "must show an 'affirmative link' between the supervisor and the constitutional violation," which "requires more than a supervisor's mere knowledge of his

3

subordinate's conduct." *Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014) (internal quotation marks omitted); *see also Gallagher*, 587 F.3d at 1069 ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.").

Further, while the Court considers the numerous documents attached to McCoy's amended complaint in its evaluation of Defendants' Motion, the exhibits are largely irrelevant to the matters raised in McCoy's three claims for relief, and they do not appear to assert specific allegations against any of the three named defendants. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (explaining that courts "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record"). Because McCoy has failed to plausibly allege the personal participation of any defendant or "provide adequate notice as to the nature of the claims against [them]," the Court finds that the amended complaint should be dismissed. *Robbins*, 519 F.3d at 1250.

## CONCLUSION

THEREFORE, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [Dkt. No. 25] is GRANTED. McCoy's Amended Complaint [Dkt. No. 10] is DISMISSED without prejudice for failure to state a claim upon which relief may be granted.[1] A separate judgment shall be entered

---

[1] McCoy's claims for relief arose over two years ago, and the limitations period for filing a § 1983 action in Oklahoma based on those claims has thus expired. Dkt. No. 10, at 5-6 (alleging constitutional violations occurred in January and September of 2022); *see Stevenson v. Grace*, 356 F. App'x 97, 98 (10th Cir. 2009) ("A § 1983 claim arising in Oklahoma is subject to a two-year statute of limitations."). The dismissal without prejudice of McCoy's action therefore has "the practical effect of a dismissal with prejudice" and warrants consideration of the *Ehrenhaus* factors. *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 & n.2 (10th Cir. 2009). The Court concludes that the factors primarily weigh in favor of the dismissal. Defendants would be prejudiced if required to parse through McCoy's lengthy and often irrelevant

in this matter.

       Dated this 26th day of September 2024.

                                      _____

                                        JOHN F. HEIL, III
                                        UNITED STATES DISTRICT JUDGE

---

materials a second time, and this task would similarly be "disadvantag[eous] to the administration of justice." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162-63 (10th Cir. 2007). McCoy was advised of the pertinent pleading standards and provided an opportunity to cure the deficiencies in his original complaint.  Dkt. No. 5.  His failure to do so demonstrates McCoy's culpability in producing a deficient amended pleading and strongly suggests that a third opportunity to allege cognizable claims would not prove efficacious.  *See Nasious*, 492 F.3d 1163.